# United States Court of Appeals for the Federal Circuit

---

**TRONG Q. NGUYEN,**
*Petitioner,*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent.*

---

2013-3024

---

Petition for review of the Merit Systems Protection Board in No. SF0752110502-I-1.

---

Decided: December 9, 2013

---

DAVID S. HANDSHER, Law Offices of David Handsher, of San Francisco, California, argued for petitioner.

MICHAEL P. GOODMAN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent. On the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, REGINALD T. BLADES JR., Assistant Director, and JANE W. VANNEMAN, Senior Trial Counsel. Of counsel on the brief was J. DOUGLAS WHITAKER, Senior Attorney, Office of Chief Counsel, United States Department of Homeland

Security, Immigration and Customs Enforcement, of Omaha, Nebraska.

————————————

Before DYK, O'MALLEY, and WALLACH, *Circuit Judges.*

WALLACH, *Circuit Judge.*

Trong Nguyen is an employee at the Department of Homeland Security ("the Agency"). In Mr. Nguyen's former position as a Deportation Officer, GS-12, he worked closely with the United States Attorney's Office for the Northern District of California ("USAO"). Mr. Nguyen was often required to testify as a witness during grand jury proceedings and criminal prosecutions. In 2008, Mr. Nguyen was subject to an Office of Professional Responsibility ("OPR") investigation, in which he admitted to making false statements during a police investigation. Following the OPR investigation, the Agency initiated a removal proceeding, ultimately imposing a fourteen-day suspension after three of the five charges were sustained.

Two years later, the USAO determined that Mr. Nguyen's disciplinary history impaired his credibility as a witness, pursuant to *Giglio v. United States*, 405 U.S. 150 (1972). The USAO notified the Agency that it would no longer allow Mr. Nguyen to testify in criminal prosecutions or swear out complaints. The Agency initiated another removal proceeding, this time charging "Inability to Perform Full Range of Duties." J.A. 62–64. Upon finding the charge was sustained, the Agency mitigated the proposed penalty and demoted Mr. Nguyen to a Detention and Removal Assistant, GS-7. The Merit Systems Protection Board ("Board") affirmed, holding the Agency did not impermissibly subject Mr. Nguyen to double punishment, and that Mr. Nguyen's due process rights were not violated. This court affirms.

BACKGROUND

Mr. Nguyen is an employee at the Agency's San Francisco Detention and Removal Operations Field Office.[1] In his former position as a Deportation Officer, Mr. Nguyen was responsible for preparing documentation for warrants of arrest and deportation, cooperating with USAO prosecutors in apprehending and prosecuting aliens, and participating in deportation and exclusion proceedings.

On April 18, 2008, the Agency issued a notice of proposed removal charging Mr. Nguyen with (1) lack of candor in an investigation; (2) preparing an official letter for unauthorized purposes; (3) misuse of law enforcement resources; (4) receiving and reviewing an alien file for unofficial business; and (5) conduct unbecoming a federal law enforcement officer. The first charge was based on a police investigation relating to a suspicious purchase of a Sears refrigerator owned by Mr. Nguyen. The Agency alleged that Mr. Nguyen told two separate and inconsistent stories about how he obtained the refrigerator. Mr. Nguyen told a police detective investigating the matter that Sears delivered the refrigerator to his house with someone else's name on the receipt. He seemingly disclaimed any knowledge of the matter by saying he was immediately suspicious of the transaction. However, Mr. Nguyen also told a Sears manager that he paid an individual named "Jeff" to purchase the refrigerator with an employee discount, and that he paid $1,600 for a $2,000 refrigerator. During an OPR investigation, Mr. Nguyen confirmed that Jeff helped him create a false transaction

---

[1] The record does not expressly state that Mr. Nguyen remained an Agency employee during the pendency of this appeal, but this court has not been informed otherwise. In any event, Mr. Nguyen was employed at the Agency during the time frame relevant to this appeal.

for the refrigerator purchase, and further admitted making false statements during the police investigation.

Charge two alleged that Mr. Nguyen, without authorization, wrote a letter on the Agency's letterhead to Jeff's mortgage company, and signed it using his title as Immigration Information Officer. Charges three and four alleged that Mr. Nguyen used law enforcement resources to conduct queries on Jeff's criminal history and immigration status. Finally, charge five alleged that Mr. Nguyen purchased the Sears refrigerator in a business transaction of "questionable legality." J.A. 70–71.

On June 24, 2008, the Agency sustained charges three through five. The deciding official found the first two charges were not "proven to [her] satisfaction." J.A. 74. Rather than removing Mr. Nguyen, the deciding official chose to mitigate the proposed penalty to a fourteen-day suspension.

About two years later, in early 2010, the Chief Assistant U.S. Attorney ("AUSA") and the Deputy Chief AUSA asked Mr. Nguyen to complete a form disclosing possible impeachment information. One question asked: "Have you been disciplined in the past?" J.A. 18. Mr. Nguyen answered "yes," and provided a copy of the 2008 Notice of Proposed Removal, the fourteen-day suspension, and the OPR's investigation report. After examining this information, the Chief and Deputy Chief AUSAs told Mr. Nguyen that the impeachment concerns it raised prevented Mr. Nguyen from swearing out complaints or testifying.

On June 11, 2010, Mr. Nguyen sent an email to his supervising deportation officer at the Agency, explaining that he could no longer file complaints or appear before a grand jury. The next month, on July 16, 2010, the Chief AUSA sent a letter to the Agency, confirming that Mr. Nguyen could no longer "testify or declare under oath in our criminal prosecutions." J.A. 66 ("USAO Letter"). The

USAO Letter stated that Mr. Nguyen's responsibilities as a Deportation Officer required him to be "free of any findings or investigations" that impaired his credibility. J.A. 66. It stated:

> It has come to our attention that Officer Trong Nguyen was the subject of a 2007 investigation by the Department of Homeland Security, Immigration and Customs Enforcement, Office of Professional Responsibility in which four allegations against him were substantiated, including a charge that Officer Nguyen had displayed a "lack of candor in a police investigation." That adverse finding unfortunately impairs Officer Nguyen's credibility as a witness. Accordingly, and notwithstanding our considerable regard and affection for Officer Nguyen, we must regretfully inform you that we cannot allow him to testify or declare under oath in our criminal prosecutions.

J.A. 66.

Following receipt of the USAO Letter, the Agency suspended Mr. Nguyen's authorization to carry a firearm on October 7, 2010. The Agency cited the USAO Letter and explained: "You will be provided with work that is administrative in nature which does not require that you be armed or may lead to you having to testify or swear under oath." J.A. 67.

On November 8, 2010, the Agency issued a Notice of Proposed Removal for "Inability to Perform Full Range of Duties." J.A. 62. The charge was based upon *Giglio*, 405 U.S. at 150, in which the Supreme Court required prosecutors to disclose when a testifying officer may lack credibility. The Notice of Proposed Removal alleged that the USAO had found Mr. Nguyen was *Giglio* impaired, thus preventing the USAO from using him as a witness in any criminal proceeding. The Agency said it could not

"require or order the Department of Justice to use [Mr. Nguyen] as a witness." J.A. 55.

The deciding official sustained the charge, but mitigated the proposed penalty of removal to a demotion to Detention and Removal Assistant. He rejected Mr. Nguyen's argument that the charge constituted impermissible double punishment for the same misconduct, stating he was neither "revisiting" the prior misconduct nor "using it as an aggravating factor." J.A. 55. "The basis for this action is the [USAO Letter] issued by the Department of Justice and its impact upon [Mr. Nguyen's] ability to perform the full range of duties as a law enforcement officer." J.A. 55.

The Administrative Judge ("AJ") sustained the Agency's action, finding the Agency had proved that Mr. Nguyen was unable to perform the full range of his duties as a Deportation Officer.[2] In particular, the AJ found that the USAO would not permit Mr. Nguyen to testify as a witness or make declarations under oath in federal criminal prosecutions, based on the USAO's *Giglio* determination. J.A. 23–24. Not only was Mr. Nguyen barred from testifying, but he was "no longer qualified to carry and/or discharge an agency firearm." J.A. 25. Other coworkers thus had to take over these duties.

Mr. Nguyen petitioned the Board for review. The Board denied the petition and adopted the AJ's initial decision as the Board's final decision. Mr. Nguyen filed this timely appeal. This court has jurisdiction pursuant

---

[2]    Mr. Nguyen moved for the AJ to subpoena the Chief AUSA for deposition, arguing he had a due process right to challenge the underlying *Giglio* determination. The AJ denied Mr. Nguyen's motion, holding the Agency was not required to prove the merits of the USAO's decision.

to 28 U.S.C. § 1295(a)(9) (2012) and 5 U.S.C. §§ 7703(a)(1) and (b)(1) (2012).

DISCUSSION

I.

This court must affirm the Board unless its decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Gibson v. Dep't of Veterans Affairs*, 160 F.3d 722, 725 (Fed. Cir. 1998).

The parties' dispute in this case centers on the effect of the USAO's determination that Mr. Nguyen was *Giglio* impaired and thus could not testify in criminal prosecutions. Mr. Nguyen argues the Agency was barred from taking adverse action in response to the USAO's *Giglio* determination, because that determination was based on Mr. Nguyen's earlier misconduct. The Agency, in turn, argues that it had no authority to challenge the USAO's *Giglio* determination, which was a separate and adequate basis for the Agency's adverse action.

In *Giglio*, the Supreme Court held that criminal defendants have a due process right to be informed of evidence affecting a government witness's credibility. *Giglio*, 405 U.S. at 154. It required that prosecutors establish procedures to ensure that such exculpatory evidence is identified and disclosed to the defendant.[3] *Id.*; *see also Brady v. Maryland*, 373 U.S. 83, 87 (1963) (holding that

---

[3] In *Giglio*, the Supreme Court reversed a conviction and remanded for a new trial when the prosecutor did not disclose to the defendant that a government witness had been promised he would not be prosecuted if he cooperated with the government. 405 U.S. at 153–54.

suppression of material exculpatory evidence justifies a new trial "irrespective of the good faith or bad faith of the prosecution"). Suppression of such impeachment evidence requires a new trial if it could "in any reasonable likelihood" have affected the jury's judgment. *Giglio*, 405 U.S. at 154 (internal quotation marks and citation omitted). The Ninth Circuit has applied *Giglio* to hold that prosecutors must examine personnel files of a law enforcement witness they intend to call at trial for evidence affecting the witness's credibility. *United States v. Henthorn*, 931 F.2d 29, 30–31 (9th Cir. 1991); *accord Milke v. Ryan*, 711 F.3d 998, 1003–07 (9th Cir. 2013).

The USAO is responsible for ensuring compliance with *Giglio*, and is not required to rely on a law enforcement witness that it deems is *Giglio* impaired. *See Giglio*, 405 U.S. at 154 (stating that improper nondisclosure "is the responsibility of the prosecutor"); *see also Kahn v. Dep't of Justice*, 528 F.3d 1336, 1340 n.4 (Fed. Cir. 2008) (characterizing *Giglio* determinations as the prosecutor's responsibility). In this case, the USAO established procedures pursuant to *Giglio* and *Henthorn* requiring that Deportation Officers such as Mr. Nguyen must "be free of any findings or investigations that impair their credibility." J.A. 334. The USAO found Mr. Nguyen was *Giglio* impaired based on his admission during the OPR investigation that he made false statements to the police.[4]

---

[4] The USAO Letter stated that "Officer Trong Nguyen was the subject of a 2007 investigation by the [OPR] in which four allegations against him were substantiated, including a charge that Officer Nguyen had displayed a 'lack of candor in a police investigation.'" J.A. 66. Mr. Nguyen suggests this statement is factually incorrect, because the Agency did not substantiate the lack of candor charge. The AJ found, however, that the USAO Letter was "based on the underlying OPR Investigation," in

The Agency lacked authority to force the USAO to allow Mr. Nguyen to testify or to otherwise challenge the USAO's *Giglio* determination. *See Doe v. Dep't of Justice*, 95 M.S.P.R. 198, 205 (2003) (holding the Department of Homeland Security lacks authority over United States Attorney's Offices); *cf. City of Arlington v. Fed. Commc'ns Comm'n*, 133 S. Ct. 1863, 1869 (2013) ("Both [agencies'] power to act and how they are to act is authoritatively prescribed by Congress."). The Agency thus had no obligation to pass judgment on the underlying merits of the USAO's finding. Rather, it was entitled to take action based on the undisputed effects of that finding—that Mr. Nguyen could no longer testify as a witness during prosecutions or make declarations under oath. The Board found this prohibition made Mr. Nguyen unable to perform the full range of his duties, and thus sustained the Agency's demotion. This finding is supported by substantial evidence. The Agency's position description for a Deportation Officer states that the officer, inter alia, "prepares documentation for Warrants of Arrest, Warrants of Deportation, Breaches of Bond, Demands of Surrender, Notices of Excludable Alien, etc.," and "[t]estifies on behalf of the [A]gency before Grand Juries." J.A. 317–18. The USAO's *Giglio* determination prevents Mr. Nguyen from performing these duties.

Mr. Nguyen argues the USAO's *Giglio* determination "did not constitute a separate and distinct act of misconduct" and thus could not justify the Agency's adverse action. Pet'r's Br. 18. However, an adverse action need not be based on misconduct, but may be imposed "for such

---

which Mr. Nguyen admitted knowingly making false statements during a police investigation, not on the later Agency action in 2010. J.A. 29. This finding is consistent with the USAO Letter's reference to the 2007 OPR investigation, and is supported by substantial evidence.

cause as will promote the efficiency of the service." 5
U.S.C. § 7513(a).  The Board did not err in holding the
USAO's *Giglio* determination made Mr. Nguyen unable to
perform the duties of a Deportation Officer, and that
demoting him to another position would "promote the
efficiency of the service." *See id.*

## II.

Mr. Nguyen argues that, even if the Agency's decision
is otherwise supported, it impermissibly subjected him to
double punishment for the same misconduct.  The Board
has repeatedly held "an agency cannot impose discipli-
nary or adverse action more than once for the same mis-
conduct." *Gartner v. Dep't of Army*, 104 M.S.P.R. 463, 466
(2007) (citing *Wigen v. U.S. Postal Serv.*, 58 M.S.P.R. 381,
383 (1993); *Eichner v. U.S. Postal Serv.*, 83 M.S.P.R. 202,
¶ 17 (1999)).  Mr. Nguyen does not argue that this court
has ever held "double punishment" is impermissible.
Rather, he says the Board has established a rule against
double punishment, and argues that "'[a]n agency is
obligated to follow precedent, and if it chooses to change,
it must explain why.'" Pet'r's Br. 11 (quoting *M.M. & P.
Mar. Advancement, Training, Educ. & Safety Program v.
Dep't of Commerce*, 729 F.2d 748, 754–55 (Fed. Cir.
1984)).  Even if we were to assume Mr. Nguyen's premise
that we should set aside Board decisions that are incon-
sistent with prior Board authority, the Board's decision in
this case is consistent with its precedent prohibiting
double punishment.

The Board found the 2011 demotion was based on the
USAO's *Giglio* determination, whereas the 2008 suspen-
sion was based on Mr. Nguyen's earlier misconduct in
connection with the Sears refrigerator.  This finding is
supported by substantial evidence.  In the 2011 action,
the Agency charged only that the USAO had made an
adverse *Giglio* determination, and would not use Mr.
Nguyen as a government witness in any criminal prosecu-

tion. For this reason, the Agency alleged Mr. Nguyen would be unable to "perform the full range of duties" of a Deportation Officer. J.A. 62. It did not mention Mr. Nguyen's earlier misconduct.

According to Mr. Nguyen, the Agency had already considered the possibility of *Giglio* impairment in the 2008 action, so the USAO's later adverse *Giglio* determination was not a justifiable basis to distinguish the 2011 adverse action. He argues: "In essence, the Agency chose to discipline [Mr. Nguyen] in 2011 after it re-examined its previous penalty determination for Petitioner's misconduct in light of the U.S. Attorney office's July 16, 2010 letter." Pet'r's Br. 11. However, as discussed above, the USAO, not the Agency, made the *Giglio* determination forming the basis for the 2011 demotion. The Agency thus did not "reexamine" its earlier finding, but rather responded to the new development that Mr. Nguyen could no longer testify in criminal prosecutions.

This situation is distinguishable from the cases Mr. Nguyen cites, where an agency expressly based two separate disciplinary actions on the same misconduct. For instance, the Board found double punishment impermissible in *Gartner*, where the agency removed Ms. Gartner for excessive absence based in part on absences for which she had already been disciplined. *Gartner*, 104 M.S.P.R. at 466–67. Similarly, in *Westbrook v. Department of Air Force*, 77 M.S.P.R. 149, 155 (1997), the agency imposed two separate suspensions—one for seven days and another for twenty-three days—to discipline Mr. Westbrook for the same act of misusing his government-owned vehicle.

This case is distinguishable. "[N]o *Giglio* impairment issue was raised by the USAO" in the 2008 action, whereas the 2011 action was based on the USAO's finding that Mr. Nguyen was *Giglio* impaired. J.A. 31. In sustaining the charges, the Agency did not impliedly rely on the

underlying misconduct.  Mr. Nguyen argues that "the very fact that the misconduct was viewed in a new way or was labeled as a different offense does not relieve the Agency of the prohibition against disciplining an employee twice for the same misconduct." Pet'r's Br. 12.  He relies on the Board's decision in *Adamek v. U.S. Postal Serv.*, 13 M.S.P.R. 224, 225–26 (1982), where the agency removed Mr. Adamek for "failure to meet the essential requirements of his position," and charged in the notice two incidents of unauthorized absence for which Mr. Adamek had been previously disciplined.  In contrast, the Agency in this case demoted Mr. Nguyen because he could no longer testify or swear out complaints, not because of the earlier misconduct.  The second adverse action was not based on the same misconduct as the earlier 2008 action, and is not inconsistent with the Board's cases prohibiting double punishment.

## III.

Finally, Mr. Nguyen argues the Agency violated his right to due process by denying him a meaningful opportunity to respond to the charges brought against him.  A federal employee contesting an adverse action has the right to notice and a meaningful opportunity to be heard. *Lachance v. Erickson*, 522 U.S. 262, 266 (1998) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)).  Mr. Nguyen argues he "had no opportunity to contest the determination of the U.S. Attorney's office," and that the Agency therefore "deprived him of his fundamental right to due process of law by failing to provide him a meaningful opportunity to oppose his demotion."[5]

---

[5]  Mr. Nguyen does not appear to contest that he had prior notice of the USAO's *Giglio* determination.  The AJ found that Mr. Nguyen was aware of the USAO's *Giglio* concern well before the Agency's Notice of Proposed Removal, and that it was Mr. Nguyen who first raised the

Pet'r's Br. 12. He says the Agency should have provided an "opportunity to confront the official to whom the Agency ceded responsibility," namely, the Chief AUSA who was responsible for the USAO letter. Reply. Br. 10–11.

The Agency provided Mr. Nguyen with the opportunity to contest his demotion. It notified him of the proposed removal and gave him thirty days to reply to the deciding official. Mr. Nguyen obtained counsel and responded orally to the deciding official, who mitigated the proposed removal to a demotion.[6] The Agency was not authorized to alter or challenge the USAO's *Giglio* determination, and thus was not required to hear testimony by the Chief AUSA regarding the basis for that decision. The only question for the Agency was whether the USAO's *Giglio* determination made Mr. Nguyen unable to fulfill the requirements of his position.

This situation is analogous to cases where a third-party agency revokes a credential or qualification necessary to perform the employee's position. In such cases, the Board takes the independent agency's action at face value, and reviews the employing agency's response to that action. For instance, in *Shoffner v. Department of the Interior,* 9 M.S.P.R. 265, 267 (1981), the agency removed Mr. Shoffner for failing to remain qualified for his position as a Hydrologic Technician due to a one-year revocation of his driver's license. The Board did not consider whether

---

*Giglio* issue with his Agency supervisors after the USAO inquired into his disciplinary history.

   [6]   The Agency also heard Mr. Nguyen's arguments challenging the USAO's *Giglio* determination. *See* J.A. 77–87. In particular, Mr. Nguyen's counsel argued "that the U.S. Attorney . . . is proceeding on false—on false information. I don't think you can impeach a person for allegations that were brought against him that were found not to be substantiated." J.A. 81.

or not the revocation was correct, but rather reasoned that removal was appropriate because Mr. Shoffner "could no longer operate a government motor vehicle because the possession of a valid state motor vehicle operator's license was a prerequisite to the operation of the government vehicle." *Id.* This made Mr. Shoffner unable to perform his duties as a Hydrologic Technician, "which required driving a vehicle alone approximately 1,000 miles per month." *Id.*; *see also Penland v. Dep't of Interior*, 115 M.S.P.R. 474, 476 (2010) (affirming the agency's removal of a pilot who failed to maintain his pilot authorization).[7]

Mr. Nguyen argues that this case is not analogous to a licensing situation, because his position does not require a license. Additionally, unlike the public standards for obtaining a driver's license, Mr. Nguyen argues the USAO's *Giglio* determination "is devoid of any objective standard and stands essentially without sufficient articulation or explanation." Reply Br. 15. However, Mr. Nguyen's position as a Deportation Officer expressly requires testifying and swearing out complaints, and the USAO's *Giglio* determination prevents him from performing these

---

[7] This case differs from situations where the agency itself decides to revoke a necessary credential. In those cases, the Board typically reviews the underlying decision to, e.g., revoke medical certification or procurement authority. *See, e.g., McGillivray v. Fed. Emerg. Mgmt. Agency*, 58 M.S.P.R. 398 (1993) (agency revoked procurement authority); *Siegert v. Dep't of the Army*, 38 M.S.P.R. 684 (1988) (agency revoked clinical privileges); *Cosby v. Fed. Aviation Admin.*, 30 M.S.P.R. 16 (1986) (agency revoked medical certification); *but see Kaplan v. Conyers*, No. 2011-3207, 2013 WL 4417583, (Fed. Cir. Aug. 20, 2013) (en banc) (Board lacks jurisdiction to review agency's finding that an employee is ineligible to occupy non-critical sensitive position).

duties. As in third-party licensing situations, the Agency lacks authority to contest the USAO's decision. The Board did not err in holding the Agency did not violate Mr. Nguyen's due process rights.

## CONCLUSION

For the foregoing reasons, the Board's decision affirming the Agency's demotion of Mr. Nguyen is affirmed.

### **AFFIRMED**