NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARY LEWIS BUTLER,**
*Petitioner,*

v.

**DEPARTMENT OF THE ARMY,**
*Respondent.*

---

2013-3171

---

Petition for review of the Merit Systems Protection Board in No. AT0752120838-I-2.

---

Decided: April 11, 2014

---

MARY LEWIS BUTLER, of Raymond, Mississippi, pro se.

MEEN GEU OH, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and STEVEN J. GILLINGHAM, Assistant Director. Of counsel on the brief was REBECCA E. AUSPRUNG, Chief Attorney, Civilian Personnel Branch, United States Army Litigation Division, of Ft. Belvoir, Virginia.

---

Before NEWMAN, PLAGER, and TARANTO, *Circuit Judges.*

PER CURIAM.

Ms. Mary Lewis Butler *pro se* appeals the final decision of the Merit Systems Protection Board ("Board") affirming her removal from her position in the Department of the Army ("Army"). Because the Board properly affirmed the Army's decision, we affirm.

## BACKGROUND

In 2002, Ms. Butler was appointed to a dual status Military Technician ("MT") position, a position designed to provide active reserve units with a core of more highly trained personnel whose full-time civilian jobs coincide with their military jobs. Ms. Butler concedes that she was repeatedly informed and understood that maintaining her active membership in the Selected Reserve was a condition of her employment as an MT. The military was given a mandate, spurred by order of Congress, to address and curb overstrength (*i.e.*, personnel in excess of what is required) within the Army. This led to Ms. Butler's removal from the Selected Reserve.

As a result of her removal from the Selected Reserve, Ms. Butler no longer met a condition of her employment as a dual status MT and the Army notified her of her proposed removal from her MT position. Ms. Butler submitted a response to this notice contesting the proposed removal. Upon consideration of Ms. Butler's response, the Army issued a final decision letter on August 28, 2012, informing Ms. Butler that she would be removed from her MT position, as required under 10 U.S.C. §§ 10216, 10218.

Ms. Butler petitioned to the Board alleging that her removal was improper. On June 6, 2013, following a hearing on the issue, the Board issued a decision dismiss-

ing Ms. Butler's appeal. The Board determined that the MT position from which Ms. Butler was removed required, as a condition of employment, that the appointee maintain Selected Reserve status, and that Ms. Butler was not a dual status appointee at the time of her removal. The Board also determined that Ms. Butler had been afforded the requisite level of due process by being given notice of the proposed action, the specific reasons for the proposed action, an opportunity to respond, and a written decision.

Ms. Butler petitioned us to review the Board's dismissal of her appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9). We affirm the Board's decision.

## DISCUSSION

This court must affirm the Board unless its decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *Nguyen v. Dep't of Homeland Sec.*, 737 F.3d 711, 715 (Fed. Cir. 2013).

The Board found that Ms. Butler was transferred from the Selected Reserve to the Individual Ready Reserve per military orders dated July 18, 2012, and effective that same day. The Board correctly determined that the Army's decision to remove Ms. Butler from Selected Reserve status was a "military decision." This conclusion is adequately supported by the record. *See, e.g.*, A. 2; A. 26.

It is well-settled that the Board lacks the authority to review the merits of a military decision to separate an appellant from Selected Reserve status. *See Jeffries v. Dep't of the Air Force*, 999 F.2d 529, 532 (Fed. Cir. 1993); *Zimmerman v. Dep't of the Army*, 755 F.2d 156, 157 (Fed. Cir. 1985). In view of the Army's decision to remove Ms.

Butler from Selected Reserve status, the Board's review of the decision is limited to: (1) whether her continued Selected Reserve status was a condition to Ms. Butler's employment as an MT; (2) whether that condition was no longer met; and (3) whether Ms. Butler was provided with the minimum level of due process. *See, e.g.*, *Jordan v. Dep't of the Army*, 74 Fed. App'x. 896, 897 (Fed. Cir. 2003) (nonprecedential).

The Board found that it is undisputed that Ms. Butler was employed as a civilian MT with the U.S. Army Reserves and that such position was an MT (dual status) position. The Board also found that in the notice proposing Ms. Butler's removal from employment, the agency listed the reason for the removal as her loss of membership in the Selected Reserve. By military orders dated July 18, 2012, and effective that same day, Ms. Butler was transferred from the Selected Reserve to the U.S. Army Reserve Control Group in an effort to curb over-strength (*i.e.*, personnel in excess of what is required) within the Army. Thus, Ms. Butler no longer maintained membership in the Selected Reserve as of July 18, 2012. Further, the Board found that Ms. Butler was afforded due process because she was given advanced written notice stating the specific reason for the proposed action, an opportunity to respond, and a written decision. We find that the Board's limited review was in accord with law.[1]

Ms. Butler's failure to comply with a condition of her employment led to her removal. Contrary to Ms. Butler's arguments, the fact that her loss of Selected Reserve membership was not a result of misconduct, unacceptable

---

[1]    The Board is precluded from considering any of Ms. Butler's affirmative defenses relating to the loss of active reserve status. *See Butler v. Dep't of the Air Force*, 73 M.S.P.R. 313, 318-19 (1997).

military performance, or voluntary relinquishment, does not mean that the Army is *obligated* to provide her with an additional year of employment.

Although, under the applicable statute, 10 U.S.C. § 10216(e)(2), the Army *may*, in some circumstances, exercise the *option* of continuing to pay compensation to a separated employee for up to 12 months where the loss of dual status "was not due to the failure of that individual to meet military standards," a plain reading of the statute makes clear that this does not amount to an *obligation*. *See* 10 U.S.C. § 10216(e)(2). Thus, we agree with the Board that the Army was not *required* to retain Ms. Butler in her dual status MT position for an additional 12 months even if her loss of Selected Reserve membership was involuntary.[2]

We find no error in the Board's conclusion to affirm the dismissal of Ms. Butler's claim. We have considered each of Ms. Butler's remaining arguments, and we conclude that the Board should be affirmed.

**AFFIRMED**

COSTS

No Costs.

---

[2] Pursuant to 10 U.S.C. § 10218, the Agency offered Ms. Butler the opportunity to reapply for, and if qualified, be appointed to, a position as an MT (dual status); or apply for a civil-service position that is not a technician position. A. 27.