NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD JOSEPH SOROKA,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2013-3173

---

Petition for review of the Merit Systems Protection Board in No. CH0843110788-I-1.

---

Decided: March 6, 2014

---

RICHARD JOSEPH SOROKA, of Warren, Michigan, pro se.

VERONICA N. ONYEMA, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and CLAUDIA BURKE, Assistant Director.

---

Before PROST, MAYER, and CHEN, *Circuit Judges.*

PER CURIAM.

Richard J. Soroka ("Mr. Soroka") appeals a final order of the Merit Systems Protection Board ("board") upholding the denial of his application for a Federal Employees Retirement System ("FERS") lump sum death benefit following the death of his son, Jeffrey L. Soroka. *See Soroka v. Office of Pers. Mgmt.*, No. CH0843110788-I-1, 2013 MSPB LEXIS 4351 (MSPB Aug. 21, 2013) ("*Board Decision*"). Because we conclude that the board correctly determined that the Office of Personnel Management ("OPM") was required to distribute the lump sum death benefit to Jeffrey Soroka's former wife, Jamie Hoffman, we affirm.

## BACKGROUND

On December 13, 1999, Jeffrey Soroka, a federal government employee who was eligible to participate in the FERS program, executed an SF-3102 designation of beneficiary form. This document, which was signed by two witnesses, listed Jeffrey Soroka's wife, Hoffman, as the sole beneficiary of any FERS death benefits. Jeffrey Soroka and his wife divorced in 2002. The default judgment of divorce granted Jeffrey Soroka "all interest in his retirement and TSP plans with his current employer, TACOM, as well as any benefits that he may accrue through these plans in the future[.]" He was further awarded his "accumulated contributions in any pension, annuity, or retirement system[.]" Jeffrey Soroka died on May 15, 2010.

Following his son's death, Mr. Soroka filed an application seeking his son's FERS death benefits. On July 19, 2011, OPM sent Mr. Soroka and his wife a letter stating that they were "not eligible to receive a lump sum death benefit under [FERS] based on Jeffrey L. Soroka's death." Citing to 5 U.S.C. § 8342(c), OPM explained that Mr.

Soroka and his wife were not entitled to the lump sum benefit "because Jeffrey L. Soroka completed a designation of beneficiary form in 1999" which did not list them as his beneficiaries.* OPM subsequently sent Mr. Soroka and his wife two invoices stating that they were required to repay a total of $855.45 for the previously disbursed death benefits which they had received.

On August 12, 2011, Mr. Soroka filed an appeal with the board. He alleged that OPM erred in denying his application for his son's lump sum death benefit, asserting that the agency had failed to consider the provisions in his son's divorce decree and a "change of beneficiaries" form. On October 28, 2011, following a hearing, an administrative judge of the board issued an initial decision affirming OPM's denial of Mr. Soroka's claim for his son's lump sum death benefit. The administrative judge stated that "[t]he order of precedence for receipt of the lump-sum

---

* Both OPM and the board cited to 5 U.S.C. § 8342(c) as the provision governing the award of Jeffrey Soroka's lump sum death benefits. Section 8342(c), however, applies to the designation of beneficiaries in the civil service retirement program. The provision applicable to participants in the FERS program, such as Jeffrey Soroka, is 5 U.S.C. § 8424(d). Both statutes, however, contain substantively identical language regarding the order of precedence for the payment of benefits. *Compare* 5 U.S.C. § 8424(d) (stating that OPM must make payment "[f]irst, to the beneficiary or beneficiaries designated by the employee or Member in a signed and witnessed writing received in the Office before the death of such employee or Member") *with* 5 U.S.C. § 8342(c) (stating that OPM must make payment "[f]irst, to the beneficiary or beneficiaries designated by the employee or Member in a signed and witnessed writing received in the Office before his death").

death benefit under FERS specifies that any such benefit must go first to the beneficiary designated by a signed and witnessed writing received by OPM prior to the death of the employee." Because Hoffman was listed as the designated beneficiary on the "one form signed by Jeffrey, witnessed, and properly filed with OPM prior to Jeffrey's death," she was entitled to receive her former husband's lump sum death benefit. The administrative judge acknowledged that Mr. Soroka had alleged that he, his wife, and his son had "completed all necessary . . . forms" to change the designated beneficiary prior to his son's death. Mr. Soroka, however, "did not produce a copy of the form necessary for designation of the lump-sum death benefit" and did not "have any specific recollection of completing that particular form and sending it to . . . OPM."

The full board affirmed the administrative judge's initial decision on August 21, 2013. The board stated that the award of "lump sum benefits must be made in order of precedence; first, to the beneficiary designated by the employee in a signed and witnessed writing received by OPM before his death." *Board Decision*, 2013 MSPB LEXIS 4351, at *4. The board further noted that there was "no evidence that [Jeffrey Soroka] ever submitted a new designation form to OPM before his death." *Id.* at *5 (footnote omitted). While Mr. Soroka recalled signing some forms after his son's divorce, he "was uncertain as to which forms were purportedly submitted." *Id.* at *6. Finally, the board stated that if Mr. Soroka wanted to challenge OPM's efforts to recoup the death benefit payments that had previously been disbursed, he should file a separate appeal pursuant to 5 C.F.R. § 845.204.

Mr. Soroka then filed a timely appeal with this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our review of a board decision is circumscribed by statute. We can set aside such a decision only if it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Nguyen v. Dep't of Homeland Sec.*, 737 F.3d 711, 715 (Fed. Cir. 2013).

As the board correctly determined, Mr. Soroka was not entitled to receive his son's FERS lump sum death benefit. "[I]t is a bedrock canon of statutory construction that our judicial inquiry ends where statutory language is plain and unambiguous." *White v. United States*, 543 F.3d 1330, 1337 (Fed. Cir. 2008); *see Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there."). Section 8424(d) unambiguously provides that OPM must "[f]irst" pay FERS lump sum death benefits "to the beneficiary or beneficiaries designated by the employee or Member in a signed and witnessed writing received [by OPM] before the death of such employee or Member." In 1999, Jeffrey Soroka filed a signed and witnessed SF-3102 designation of beneficiary form with OPM which listed Hoffman as the sole beneficiary of his FERS death benefits. No updated beneficiary designation form has been produced. Although Mr. Soroka recalled that he, his wife, and his son completed some forms after his son's divorce, he did not "have any specific recollection of completing [an updated SF-3102 form] and sending it to . . . OPM." Because the record contains only one SF-3102 designation of beneficiary form—and that form lists Hoffman as Jeffrey Soroka's designated beneficiary—the board correctly determined that OPM was required to distribute the lump sum death benefit to Hoffman. The plain language of

section 8424(d) "does not afford OPM or the Board any discretion to award" benefits to an individual other than the "person designated as beneficiary in a form properly filed with OPM." *Landsberger v. Office of Pers. Mgmt.*, 50 M.S.P.R. 13, 16-17 (1991), *aff'd,* 956 F.2d 1174 (Fed. Cir. 1992); *see also Ferguson v. Long*, 885 F. Supp. 2d 294, 297 (D.D.C. 2012) (concluding that the proceeds from a decedent's Federal Thrift Savings Plan ("TSP") retirement account were required to be distributed to the decedent's father, rather than her husband, because the only "'signed and witnessed writing'" that had been submitted listed her father as her beneficiary (quoting 5 U.S.C. § 8424(d)); *Alston v. Alston*, No. JFM-12-74, 2012 U.S. Dist. LEXIS 40621, at *3-5 (D. Md. Mar. 19, 2012) (concluding that a decedent's children were entitled to the funds in his TSP account because the only valid designation of beneficiary form submitted listed them as the decedent's beneficiaries).

Jeffrey Soroka's default judgment of divorce stated that he was to receive "all interest in his retirement and TSP plans" and "any accumulated contributions in any pension, annuity, or retirement system[.]" Section 8424(d) specifically provides, however, that "a designation, change, or cancellation of beneficiary in a will or other document" which is not signed, witnessed and filed with OPM will have "no force or effect" on an employee's beneficiary designation. Thus, notwithstanding the provisions in Jeffrey Soroka's divorce decree regarding the disposition of his retirement benefits, neither this court nor the board has the authority to require OPM to award lump sum death benefits in a manner contrary to the unequivocal dictates of section 8424(d). OPM is prohibited from granting benefits not authorized by law regardless of the equities involved. *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 424-34 (1990). "[P]ublic funds [must] be spent according to the letter of the difficult judgments reached by Congress as to the common good

and not according to the individual favor of Government agents or the individual pleas of litigants." *Id.* at 428.

The record also shows that in 1987 Jeffrey Soroka signed and submitted an SF-1152 designation of beneficiary form which indicated that upon his death any "unpaid compensation" would be paid to his parents, Richard and Arlene Soroka. Form SF-1152, however, is used solely to designate the beneficiary of any unpaid compensation—such as unpaid salary or accrued leave—not to designate the beneficiary of an employee's lump sum death benefit. Form SF-1152 specifically states that it has no effect on the disposition of any retirement benefits to which an employee might be entitled. *See Board Decision*, 2013 MSPB LEXIS 4351, at \*6 n.4.

CONCLUSION

Accordingly, the final order of the Merit Systems Protection Board is affirmed.

COSTS

No costs.

**AFFIRMED**