# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARC ANTHONY WATSON, **Appellant**, | DOCKET NUMBER DC-0843-20-0477-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, **Agency**. | DATE: July 29, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Marc Anthony Watson</u>, Laurel, Maryland, pro se.

<u>Tanisha Elliott</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) that denied his application for a lump sum death benefit under the Federal Employees' Retirement System (FERS). Generally, we grant petitions such as

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On petition for review, the appellant repeats his request that his deceased spouse's passing be considered a "Death in Service" and that he "receive the appropriate compensation." Petition for Review (PFR) File, Tab 1 at 5. He argues that the administrative judge failed to adequately address his claims regarding the improper processing of his spouse's application for disability retirement. *Id.* at 4-5. The appellant also challenges the administrative judge's denial of his proposed witnesses during the prehearing conference. *Id.* at 4.[2] Finally, he requests that the Board investigate and/or interview staff from OPM and the employing agency to determine if the proper policies and procedures were followed. *Id.* at 5.

The appellant's arguments on review provide no basis for overturning the administrative judge's finding that he failed to meet his burden of proving by preponderant evidence his entitlement to a basic employee death benefit because his spouse met the definition of an annuitant and not a Federal employee at the

---

[2] During the prehearing conference, the appellant withdrew his request for a hearing. Initial Appeal File, Tab 10 at 2.

time of her death. Initial Appeal File (IAF), Tab 13, Initial Decision (ID) at 12-13; *see* 5 U.S.C. § 8401(2); *Hall v. Office of Personnel Management*, 51 M.S.P.R. 560, 564 (1991), *aff'd*, 979 F.2d 216 (Fed. Cir. 1992) (Table); 5 C.F.R. §§ 843.102, 1201.56(b)(2)(ii). Under 5 U.S.C. § 8442(b) and OPM's implementing regulation at 5 C.F.R. § 843.309, a widower may be entitled to a basic employee death benefit under FERS based on the service of a Federal employee who dies while still in duty status, subject to certain requirements. The definition of an employee "includes a person who has applied for retirement under FERS but had not been separated from the service prior to his or her death, even if the person's retirement would have been retroactively effective upon separation." 5 C.F.R. § 843.102. Regardless of the appellant's repeated assertions that OPM should not have processed his spouse's retirement application due to her misrepresentation that she was unmarried[3] and failure to obtain his consent, the record is clear that she did not meet the definition of an employee under 5 C.F.R. § 843.102 at the time of her death. PFR File, Tab 1 at 4-5; IAF, Tab 8 at 35, Tab 11 at 5-6. OPM approved his spouse's application for disability retirement on June 29, 2017, and she retired effective July 8, 2017. IAF, Tab 8 at 106, 114. She subsequently passed away on August 4, 2017. *Id.* at 83. Therefore, the appellant was not entitled to death benefits pursuant to 5 U.S.C. § 8442(b).

The administrative judge properly found that the appellant had provided no authority to support his position that he should be entitled to the lump sum death benefit because he would have received it if OPM had not processed his spouse's

---

[3] Contrary to the appellant's arguments that his signature and consent were required in order for his deceased spouse to submit her disability retirement application, the relevant statute and regulations prohibit an employee from electing a self-only annuity without spousal consent and did not prevent her from seeking retirement benefits in general without his consent. PFR File, Tab 1 at 4-5; IAF, Tab 11 at 5-6; *see* 5 U.S.C. § 8416(a)(1); 5 C.F.R. § 842.606. The appellant has acknowledged that OPM made a subsequent determination that he and the decedent were legally separated at the time of her death and has paid to him survivor annuity benefits, which are not at issue in the present appeal. IAF, Tab 8 at 63, Tab 11 at 5.

inaccurate retirement application prior to her death and that there is no provision of law that permits OPM to make such payments as a matter of equity. ID at 13 (citing *Office of Personnel Management v. Richmond,* 496 U.S. 414, 416, 434 (1990)); *see Soroka v. Office of Personnel Management*, 557 F. Appx. 983, 986 (Fed. Cir. 2014) (stating that the Board lacks "the authority to require OPM to award lump sum death benefits in a matter contrary to the unequivocal dictates" of the controlling statute); *see also Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011) (stating that the Board may rely on unpublished Federal Circuit decisions when it finds the court's reasoning persuasive).

Regarding the appellant's challenges to the administrative judge's rulings denying two of his proposed witnesses, there is no evidence in the record, including the appellant's close of record argument, that he objected to the exclusion of these witnesses, and thus, he is precluded from doing so on review. IAF, Tab 11 at 5-7; *see Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988). Even if he had preserved an objection, we would not disturb the initial decision. An administrative judge has broad discretion to control proceedings, including excluding evidence or witnesses that are not relevant or material to the issues of the case. *Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 4 (2011); *see* 5 C.F.R. § 1201.41(b)(8). To obtain a reversal on an initial decision on these grounds, the petitioning party must show on review that a relevant witness or evidence, which could have affected the outcome, was disallowed. *Thomas*, 116 M.S.P.R. 453, ¶ 4. The appellant fails to establish how the testimony of either the HR professional or an OPM employee would have affected the outcome of his appeal, since the record evidence clearly demonstrates that he is not entitled to death benefits under 5 U.S.C. § 8442(b). Therefore, we find that the appellant has failed to show that the administrative judge abused her discretion.

Finally, the Board lacks jurisdiction to interview or investigate employees of OPM or the decedent's employing agency to determine whether they followed the proper procedures and policies in processing the retirement application, as

requested by the appellant on review. PFR File, Tab 1 at 5; *see Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985) (stating that the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation).

Therefore, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:       _____
                     Gina K. Grippando
                     Clerk of the Board

Washington, D.C.